UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00486-DOC-DFM | Date: May 13, 2025 |

Title: Patricia Galindo v. Hyatt Corporation et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [12]

Before the Court is Plaintiff Patricia Galindo's ("Galindo") Motion to Remand ("Motion" or "Mot.") (Dkt. 12). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the reasons explained below, the Court **GRANTS** the Motion.

**I. Background**

**A. Factual Background**

Galindo claims that from approximately June 2021, to the present, she has suffered discrimination, retaliation, and harassment prohibited by California's Fair Employment and Housing Act ("FEHA"). *See generally* Complaint ("Complaint") (Dkt. 1-1). Defendants in this case are her former employer Hyatt Corporation ("Hyatt"), and supervisors Glenn Walker ("Walker") and Shelby Lankford ("Lankford"), (collectively "Defendants"). Specifically, Plaintiff alleges claims for: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Accommodate in Violation of FEHA; (3) Failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00486-DOC-DFM | Date: May 13, 2025 |

Page 2

Engage in the Interactive Process in Violation of FEHA; (4) Failure to Investigate and Prevent Discrimination; (5) Retaliation in Violation of FEHA; (6) and Wrongful Termination of Employment in Violation of Public Policy. *Id*.

Hyatt initially employed Galindo in or around March 2003, as a banquet server. Compl. ¶ 10. While employed by Hyatt, Galindo claims she suffered from complications related to both work-related and outside of-work injuries, including injuries to her neck, knee, ankle, and elbow. Compl. ¶ 13. During her employment, Galindo allegedly took protected leave. Compl. ¶ 12. After allegedly being placed on leave due to the COVID-19 pandemic, Galindo claims she returned to work in June 2021 based on the belief that she would be returning to her position as a banquet server. Compl. ¶ 13. However, Hyatt allegedly assigned her a more physically vigorous job with a heavier workload. *Id*. Galindo claims that when she shared her concerns about her previous injuries with her supervisor, Walker, she was placed on a leave of absence without explanation. *Id*. After a year of leave, Galindo alleges she attempted to contact Walker and Hyatt's HR Department but did not receive any response or information about returning to work until late 2022. *Id*.

Galindo claims she continued to reach out to Hyatt regarding her availability and continued desire to return to work from late 2022, through the end of January 2023. *Id*. On June 5, 2023, Galindo claims she sent Hyatt a formal complaint about the discriminatory and harassing treatment she had allegedly been facing. *Id*. Galindo claims that she did not receive a response and, from that point on, her employment had been terminated by Hyatt. *Id*.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on January 2, 2025. *See* Notice of Removal ("Notice") (Dkt. 1), at 1. On March 11, 2025, Defendants removed the action to this Court, asserting diversity jurisdiction. *Id*.

### B. Procedural Background

After Plaintiff filed her Complaint in the Orange County Superior Court on January 2, 2025, Defendants filed a Notice of Removal on March 11, 2025 ("Notice") (Dkt. 1). Plaintiffs then filed this instant Motion to Remand to Orange Superior Court on April 10, 2025. *See* Mot. Defendants opposed ("Opp'n.") (Dkt. 21) the Motion to Remand on April 21, 2025.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00486-DOC-DFM　　　　　　　　　　　　　　　　Date: May 13, 2025

Page 3

from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Removal is proper despite the presence of a non-diverse defendant if that defendant is a "fraudulently joined" or "sham" defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A defendant has been fraudulently joined if the plaintiff fails to state a claim against a resident defendant, and the failure is "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). A court may look beyond the pleadings to determine if a defendant is fraudulently joined, but "a plaintiff need only have one potentially valid claim against a non-diverse defendant" to survive a fraudulent joinder challenge. *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993-95 (D. Nev. 2005) (summarizing cases); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Accordingly, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. *See Burris v. AT & T Wireless, Inc.*, 2006 U.S. Dist. LEXIS 52437, 2006 WL 2038040, at 2 (N.D. Cal. 2006). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." 2006 U.S. Dist. LEXIS 52437, [WL] at 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00486-DOC-DFMDate: May 13, 2025

Page 4

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00486-DOC-DFM | Date: May 13, 2025 |

Page 5

jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.   Discussion

### A. Were Any Named Defendants "Sham Defendants"?

The Complaint alleges that Walker and Lankford are both residents of California. Complaint at ¶ ¶ 3, 4. In its Notice, Hyatt does not deny that Walker and Lankford are citizens of California for diversity purposes but focuses on fraudulent joinder. Notice at 2. The parties disagree whether Walker and Lankford are fraudulently joined and their citizenship defeats diversity. Plaintiff argues that under 28 U.S.C. § 1332, because Walker and Lankford are citizens of the same state as Plaintiff, there is no diversity and therefore this Court lacks subject matter jurisdiction. Motion at 5-6. Additionally, Plaintiff argues that Defendants have not provided clear and convincing evidence that the individual Defendants are sham Defendants and have therefore failed to meet the standard for fraudulent joinder. Motion at 1. Defendant Hyatt alleges that diversity is not defeated because Galindo's causes of actions do not provide for individual liability of supervisory employees. Opp'n. at 4.

Plaintiff names Walker and Lankford as Defendants as to five of her FEHA claims: (1) failure to accommodate; (2) failure to engage in the interactive process; (3) failure to investigate and prevent; (4) retaliation; and (5) wrongful termination in violation of public policy. Compl. ¶ ¶ 14-45. The citizenship of fraudulently joined or sham defendants does not defeat diversity. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998)).

The first cause of action for disability discrimination in violation of FEHA is only alleged against the Company, and not the individual supervisors. Comp. at 6.

The second cause of action is against all Defendants including the supervisors for a violation of FEHA for failure to provide reasonable accommodations. Compl. ¶ 15. Under *Reno v. Baird*, 18 Cal. 4th 640, 663 (1998), the California Supreme Court held that supervisors may not be held individually liable for employment discrimination under FEHA. By contrast, individuals may be held liable under FEHA for harassment. *Id.* at 645. In further explanation, the Supreme Court agreed with an earlier Court of Appeal decision, *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 53 Cal.Rptr.2d 741 (*Janken*), which reasoned that discrimination claims arise "out of the performance of necessary personnel management duties." *Id.* at 63, 53. By contrast, harassment is not conduct

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00486-DOC-DFM | Date: May 13, 2025 |

Page 6

necessary to personnel management, but is instead "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.*

Here, the second cause of action concerns discrimination and not harassment. This is evident from the specific statutes that are cited—as liability for discrimination is addressed in § 12940(a) which Plaintiff cites under this cause of action. *See Taylor v. Beth Eden Baptist Church,* 294 F.Supp.2d 1074, 1080-81 (N.D. Cal. 2003); Compl. at 11. Additionally, Plaintiff cites § 12490(i) which concerns aiding and abetting acts forbidden by FEHA, which courts have also found to prohibit individual supervisor liability. *See id.;* Comp. at 11. The same logic applies to § 12490 (m) and (n), which both reference actions done by an employer "covered by this part." Cal. Gov't Code § 12940(m), (n). Thus, as to the second cause of action, the Court holds that there cannot be any supervisor liability and thus the only proper Defendant is Hyatt.

The third cause of action is also against all Defendants and asserts a claim for failure to engage in interactive process citing § 12940 (a), (i), (m), (n). Compl. at 9. The Court applies the analysis from the second cause of action here as they both cite the same sections of the statute and discuss discrimination, not harassment which is codified under § 12490(j). Cal. Gov't Code § 12940(j). Thus, the Court finds that there is no individual supervisor liability under the third cause of action as pleaded and thus the only proper Defendant is Hyatt.

The fourth cause of action is also against all Defendants but asserts failure to prevent in violation of FEHA without citing to a specific statute. Compl. at 10. Plaintiff states within the explanation for this cause of action that "Plaintiff believes that he was subjected to discrimination, harassment, and retaliation because of his age and/or protected activity." Compl. ¶ 32. As stated above, harassment is prohibited under FEHA in § 12490(j), which explicitly provides for individual liability on the part of employees under some circumstances. *See* Cal. Gov't Code § 12940(j). Thus, the Court holds that the individual supervisors are proper Defendants as to this claim.

The fifth cause of action is against all Defendants for violation of FEHA due to retaliation for engaging in a protected activity under Government Code § 12900. Compl. at 11. Retaliation is addressed in § 12940(h), which has language that prohibits retaliation not just by employers but "any person." Cal. Gov't Code § 12940(h). However, *Jones v. Lodge at Torrey Pines Partnership,* 42 C.4th 1158, 1164 (Cal. 2008) applied the rationale of *Reno* by not holding individuals personally liable for discrimination to retaliation claims. Thus, the Court holds that the individual supervisor are not proper Defendants under the fifth cause of action, and it is to only be alleged against Hyatt.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00486-DOC-DFM                    Date: May 13, 2025

Page 7

The sixth cause of action alleges wrongful termination of employment against all Defendants in violation of public policy under Labor Code § 1102.5 and FEHA. Compl. at 11. Labor Code § 1102.5 concerns retaliatory acts. The California Supreme Court clearly held in *Miklosy v. Regents of University of California,* 44 Cal. 4th 876, 900 (Cal. 2008) that an individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather he or she can only be the agent by which an employer commits that tort. Thus, the individual supervisors are not proper defendants for this cause of action, and the only proper Defendant is Hyatt.

In sum, the Court holds that the individual supervisors are only proper Defendants for the fourth cause of action. These two individual Defendants are both domiciled in California, which is the same state of domicile as Plaintiff. *See* Compl. ¶ ¶ 1, 3, 4. As such, this claim wrecks complete diversity. *See Exxon,* 545 U.S. at 553.

Thus, the Court holds it is proper to **GRANT** Plaintiff's Motion and **REMANDS** this case to state court.

### IV. Disposition

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk:
                                                                    kdu
CIVIL-GEN